UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM O. HERMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-969 JD |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

William O. Herman, a *pro se* prisoner, filed a habeas corpus petition challenging his murder conviction and two life sentences imposed by the Elkhart County Superior Court on January 16, 1975, under cause numbers 4833 & 4834. Habeas Corpus petitions are subject to a strict one year statute of limitations.[1] Question 16 asked Herman to explain why this petition is timely. In response, he wrote:

> Due to the trickery and the general improprieties that occurred in the state proceedings which created fundamental unfairness and violated Petitioner's Constitutional rights to Due Process, Petitioner has been denied of the right to due course of law. The violations contained within, rise to the level of fundamental

---

[1] 28 U.S.C. § 2254(d) provides that:
  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> defects, which inherently, resulted in a complete miscarriage of justice and are
> inconsistent with the rudimentary demands of fair procedure.

ECF 1 at 5. Neither that response – nor anything else in the petition – indicates that this claim is based on a newly recognized Constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(C) is not applicable to this case. That means that the 1-year period of limitation began as specified in either 28 U.S.C. § 2244(d)(1)(A), (B), or (D).

It is possible that when Herman referred to "trickery and the general improprieties that occurred in the state proceedings," he was trying to argue that he was impeded from filing a timely habeas corpus petition. "Although neither § 2244 nor this circuit has defined what constitutes an impediment for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (quotation marks omitted). In *Lloyd*, the Seventh Circuit explained that the inability to obtain trial transcripts from the State court did not prevent him from filing a habeas corpus petition. *Id.* ("Because Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this case."). So too here. Herman offers nothing to suggest that the "trickery" during his State court proceedings was of a kind that prevented him from preparing a timely habeas petition and mailing it to this court. Therefore 28 U.S.C. § 2244(d)(1)(B) is not applicable to this case.

It is possible that when Herman referred to "trickery and the general improprieties that occurred in the state proceedings," he was trying to argue that the factual predicate of his claims was concealed from him. To qualify as a claim based on newly discovered evidence, the claim

must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

The only two grounds raised by Herman are based on ineffectiveness of counsel. First, he claims that his trial counsel was ineffective:

> [Trial counsel], failed to know Indiana's controlling law, failed to know the penal consequences of a guilty plea [yet advised of the need to accept an open guilty plea], misadvised Petitioner about his eligibility for parole and that he would likely serve 13 ½ - 15 years before parole to incite a plea of guilty thereby making his open plea of guilty involuntary, unknowing, and unintelligent[.]

ECF 1 at 3. Though Herman may not have understood their legal significance, all of the facts necessary for this claim were known by him when he pleaded guilty in 1975.

Second, he claims that his appellate counsel during post-conviction proceedings was ineffective:

> [Post conviction] Appellate Counsel . . . failed to raise and argue trial counsel's [ineffectiveness] . . . and further failed to raise and argue said manifest injustice during post conviction and appeal proceedings, . . ., [and failed] to file a Motion to Vacate Judgement and to allow Petitioner to Withdraw Guilty Pleas[.]

ECF 1 at 4.

Similarly, all of the facts necessary for this claim were known by him when his first post-conviction appeal concluded in 1979. As the Seventh Circuit explained in *Owens*:

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner

> has spent a few years in the institution's law library, however, then § 2244(d)(1)
> might as well not exist; few prisoners are lawyers.

*Owens* at 359. Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. Notably, this time limit for filing habeas corpus petitions was enacted into law on April 24, 1996. Because Herman's conviction became final prior to that date, April 24, 1996, is when his conviction became final for the purposes of 28 U.S.C. § 2244(d)(1)(A). *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). One year later, on April 24, 1997, the deadline expired. Because this habeas corpus petition was not signed until December 6, 2017, it is more than 20 years late.

Herman did file a second post-conviction relief petition on November 24, 2015. However, once the deadline expired, filing another post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because this habeas corpus petition is untimely, it must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a

constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED.

ENTERED: January 16, 2018

        /s/ JON E. DEGUILIO
Judge
United States District Court